## Armento's License

*Horace A. Segelbaum,* Special Deputy Attorney General, and *Charles J. Margiotti,* Attorney General, for petitioner.

*George Kunkel* and *Elmer W. Ehler,* for defendant.

WICKERSHAM, J., January 29, 1937.—This case comes before us on petition of the Attorney General praying for the revocation of the restaurant liquor license of Joseph J. Armento, the answer to the petition to revoke said license, and testimony taken at a hearing before the full court.

The petition alleges, inter alia, that a restaurant liquor license was granted by the Pennsylvania Liquor Control Board to Joseph J. Armento, authorizing the sale of liquor and malt liquor subject to the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended by the Act of July 18, 1935, P. L. 1246; that the licensee did keep, within this Commonwealth and upon the licensed premises, liquor which had not been lawfully acquired prior to January 1, 1934, and which had not been purchased from a Pennsylvania liquor store, in violation of the provisions of the aforementioned act; that he did have and keep, within this Commonwealth and upon the licensed premises, liquor in packages or containers, which packages or containers, while containing the said liquor, had not been sealed with the official seal of the Pennsylvania Liquor Control Board, in violation of the aforementioned act; that he also possessed home-made wine on the licensed premises, in violation of the provisions of said act; and that he unlawfully refilled bottles which had originally contained liquor purchased

from Pennsylvania liquor stores, in violation of the provisions of regulation 2 of the Pennsylvania Liquor Control Board. The petition prays that the restaurant liquor license issued to Joseph J. Armento be revoked and that the bond filed with the application for such license be forfeited.

Upon the presentation of said petition a rule to show cause was granted by the court, to which rule the said Joseph J. Armento filed an answer denying the first three allegations of the petition. He admits the fourth, that one quart bottle of Three Feathers Blue Label whiskey was kept on the licensed premises unused and for advertising purposes, and that this whiskey was not purchased from a State liquor store, but avers that the same was lawfully acquired prior to National prohibition. Paragraph 5 of the petition is denied, subject to the same qualification as pleaded in the answer to paragraph 4 of the petition. It is admitted that the licensee inadvertently had and possessed home-made wine on the licensed premises, in that there was some wine in a gallon jug, one-quarter full, which he had made for himself and solely for his own use many years ago. It is also admitted that he refilled a few bottles, in technical violation of regulation 2 of the Liquor Control Board, but not with liquor, but avers that the same was done inadvertently without knowledge of the unlawful nature of the act and without intent to deceive, defraud, or profit thereby.

Testimony was taken, as above stated, and the case was argued at length before the court en banc.

### Discussion

This proceeding was brought under section 410 of the Pennsylvania Liquor Control Act of 1935, supra, which provides, inter alia:

". . . upon the petition of the Attorney General, . . . the court of quarter sessions of the proper county, upon sufficient cause being shown, or proof being made that the licensee holding a license . . . has . . . violated any of

the laws of this Commonwealth relating to liquors . . . may, upon due notice and proper hearing being given to the person so licensed and complained against, suspend or revoke the license issued under the provisions of this act."

The petition states four reasons for revocation or suspension of the licensee's license, as follows: (1) Because the licensee kept illegal liquor on the premises; (2) because he had liquor which had not been sealed with the seal of the Liquor Control Board; (3) because he kept home-made wine on the premises, and (4) because he unlawfully refilled bottles.

Taking these reasons in the order in which we have stated them, the first is that because the licensee kept illegal liquor on the premises his license should be revoked or suspended. We find the following admission in the record:

"It is, however, admitted that one quart bottle of Three Feathers Blue Label whiskey was kept on the licensed premises unused and for advertising purposes. It is admitted that this whiskey was not purchased from a State liquor store but it is averred that the same was lawfully acquired prior to National prohibition."

We think this is the answer to the first contention and in our opinion is not cause for revocation or suspension of the license of the licensee for the very manifest reason that the liquor was owned by him a long time before the Act of 1933, under which these proceedings were instituted, was passed. He had never opened this bottle of liquor but had kept it for its antique value and for advertising purposes.

The second reason is that because he had liquor which had not been sealed with the seal of the Liquor Control Board his license should be revoked or suspended. For the reasons above stated we think this contention cannot prevail. As he owned the liquor prior to the passage of the law requiring liquor, when purchased, to have the stamp

and seal of the Liquor Control Board, it would not be an offense to have such liquor without the State stamps and seals. He was not required to purchase stamps and seals and place them upon liquor which he owned before the act was passed in order to continue to own it. We do not so read the act.

We are asked to revoke or suspend the license of the licensee because, thirdly, he kept home-made wine on the premises. We think this contention cannot prevail. This home-made wine was made by the licensee for his own use; it was not for sale, and the only person who drank it was the licensee himself. Under such circumstances we would not revoke his license.

The fourth reason why the license of the licensee should be suspended or revoked is because he unlawfully refilled bottles. As we interpret the act, the refilling of bottles means refilling them with intoxicating liquor. What this licensee was doing was putting rose leaves and other materials in these bottles in order, as he testified and it is not denied, to make hair oil or face lotion. One of the members of the court, during the hearing, asked counsel for the Liquor Control Board whether if he put tomato ketchup in a liquor bottle that would be refilling under the act, and counsel thought it would. We do not agree with this contention.

For the reasons above stated we are of opinion that the Liquor Control Board has not sustained its contention that the license of Joseph J. Armento should be revoked.

And now, January 29, 1937, it is ordered and decreed that the rule granted to show cause why the restaurant liquor license of Joseph J. Armento should not be suspended or revoked is discharged, and the petition of the Liquor Control Board is dismissed, costs to be paid by petitioner.